UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:15-7-KKC |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| ANTONIO LEPARIE FRYE, JR., | |
| Defendant. | |

*** *** ***

This matter is before the Court on a motion for release from custody. Defendant Antonio Leparie Frye, Jr. was sentenced to 84 months imprisonment and six years of supervised release on August 7, 2015. (DE 37.) On May 14, 2020, Defendant filed a motion requesting relief from his sentence pursuant to 18 U.S.C. § 3582(c), commonly referred to as a motion for compassionate release. (DE 45.) Under that statute, a court may modify a term of imprisonment if –

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier… after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable… it finds that extraordinary and compelling reasons warrant such a reduction… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

According to Defendant's motion, he sent a request on April 12, 2020, to the staff at his facility that either his sentence be reduced or that he be transferred to home confinement due to his

concerns about the disease caused by the novel coronavirus, COVID-19. (DE 45-1.) Defendant's request appears to have been initially denied on April 13, 2020. (DE 45-1.)

18 U.S.C. § 3582 explicitly states that a court "may not" modify a prison term except in certain delineated circumstances. One of these circumstances is when a defendant brings a motion for compassionate release – but only if the defendant has first fully exhausted his administrative remedies or 30 days have lapsed since receipt of the request by the warden, whichever is earlier. "[D]istrict courts lack jurisdiction to consider a motion for compassionate release filed by the defendant himself unless he has fully exhausted his administrative remedies." *United States v. Gentner*, NO: 5:16-CR-11-TBR, 2019 WL 5581337, at *1 (W.D. Ky. Oct. 29, 2019). As the Third Circuit recently noted, a defendant's failure to comply with the statute's exhaustion requirement before asking a court for compassionate release was "a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Further, the "mandatory language" of the statute "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "[M]andatory exhaustion statutes… establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* at 1857.

Defendant makes no mention of any effort to appeal the denial of his request. As outlined in 28 C.F.R. § 542.15(a) ("Administrative Remedy Program – Appeals") –

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response… Appeal to the General Counsel is the final administrative appeal.

*See also* U.S. Department of Justice, Federal Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and

4205(g) (Jan. 17, 2009) https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *United States v. Brummett*, No. 6:07-CR-103-DCR, 2020 WL 1492763, at *1-*2 (E.D. Ky. Mar. 27, 2020). Because Defendant apparently did not seek an appeal of the initial denial of his request through the Administrative Remedy Program, the Court cannot find that he has exhausted his administrative rights and, therefore, the Court does not have jurisdiction to consider the motion. *See Gentner*, 2019 WL 5581337, at *1.

Regardless, even if the Court were to consider the substance of Defendant's compassionate release motion, it would fail on its merits. As discussed above, § 3582(c)(1)(A) requires that the Court find that "extraordinary and compelling reasons warrant" a modification to a defendant's sentence, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement that, in the relevant part, allows a court to grant compassionate release or a sentence reduction only where, "(1) extraordinary or compelling reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the safety of others or the community, and (3) release from custody complies with § 3553(a) factors." *United States v. Lake*, 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)). Defendant's motion merely suggests generalized concerns for his health and about the efficacy of the Bureau of Prisons' efforts to protect inmates from COVID-19. (DE 45.) Such allegations are insufficient to satisfy the applicable standard.

Accordingly, the Court hereby ORDERS that Defendant's motion for compassionate release (DE 45) is DENIED.

Dated May 15, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY